Irving H. Saypol, J.
Some of the dissenting stockholders of GrKB Co., Inc., have brought on three separate applications for appraisal. Motions numbers 64, 65 and 67 of March 29, 1962 are consolidated. United Industrial Syndicate, Inc., has effected a merger pursuant to section 85 of the Stock Corporation Law commonly referred to as the ‘ ‘ short merger ’ ’ statute. It held 97.3% of the outstanding stock of GrKB. Bespondent argues that the provisions of section 85 of the Stock Corporation Law must be read so as to conform in their legal effect as to rights conferred by the provisions of sections 86 and 91 of the Stock Corporation Law, the general merger and consolidation statutes requiring stockholder approval, with the result that the right of appraisal granted by the provisions of section 21 of the Stock Corporation Law is accorded only to a stockholder of a domestic corporation included in such merger or consolidation. The difficulty with this position is that subdivision 1 of section 85 permits a short merger in the event a domestic corporation owns at least 95% of the outstanding shares of each class of stock of a domesticized foreign corporation, and subdivision 7 provides: “ In the event all of the stock of the corporation proposed to be merged by a possessor is not owned by such possessor corporation, any stockholder of the corporation so to be merged *181 may, within twenty days after the filing of the certificate with the secretary of state, object to such merger and demand payment for his stock. Such objection and demand must be in writing and filed with the possessor corporation. Thereupon such stockholder and the possessor corporation shall have the right, subject to the conditions and provisions of section twenty-one, to have such stock appraised and paid for as provided in said section.”
By the last sentence, dissenter and possessor, here the petitioners and the respondent, are respectively authorized to proceed under New York law.
The defense of lack of jurisdiction is raised in each of the three applications and in motions numbers 64 and 65 the respondent raises a partial defense that only one of the several petitioners, in each instance, has verified the petition. The objection is overruled. The petitioners are united in interest and the verification of one of them is sufficient. In application motion number 67 the respondents also raise the partial defense that the petitioners there acquired some of their stock with notice or knowledge of the impending merger and the petition is, therefore, brought in bad faith.
The first defense in each application and the partial defense concerning the verifications of petitions are dismissed. The motions are granted and there will be referred not only the matter of appraisal, but the issue raised under the partial defense in the application motion number 67 and any issues arising as to the compliance by the petitioners in connection with time schedule for notice of dissent and subsequent procedures. Final decision will be held in abeyance.